FILED
SUPERIOR COURT
OF GUAM

2025 MAR 17 AM 11: 33

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM SURGICENTER, LLC, ISLAND CANCER CENTER, and AC MICRO GUAM, LLC, | CIVIL CASE NO. CV0594-24 |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER** (Motion to Dismiss) |
| DB INSURANCE CO., LTD, MOYLAN'S INSURANCE UNDERWRITERS, INC., and EQUITABLE ADJUSTING & SERVICE COMPANY, | |
| **Defendants.** | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 25, 2025, for a Motion Hearing on Defendant Equitable Adjusting & Service Company's ("EASCO") Motion to Dismiss Plaintiffs' Complaint Pursuant to GRCP 12(b)(6). Present were Attorney Minakshi Hemlani on behalf of Plaintiff Guam Surgicenter, LLC ("Surgicenter"), Attorney Jon Ramos on behalf of Defendant EASCO, Attorney Nicholas Ennis on behalf of Defendant Moylan's Insurance ("Moylan's"), and Attorney R. Marsil Johnson on behalf of Defendant DB Insurance Co. ("DB"). After reviewing the record, relevant law, and arguments from the parties, the Court finds that Plaintiffs have sufficiently pled a set of facts that could entitle them to relief on two of the six

claims against EASCO, therefore the Motion to Dismiss is **DENIED in part and GRANTED in part**.

## BACKGROUND

This matter stems from a Business Owner insurance policy held by Plaintiff Surgicenter from Defendant DB Insurance Co. through Defendant Moylan's Insurance Underwriters, Inc. This policy included coverage for losses relating to floods and typhoons. After Typhoon Mawar, Surgicenter submitted a claim to Moylan's, who engaged EASCO and McLarens, both commercial property loss adjusters, to evaluate Surgicenter's claim. Plaintiff Surgicenter's claim was denied, and Plaintiffs' Complaint was filed in response, with named Defendants DB, Moylan's, and EASCO.

Plaintiffs have alleged six (6) causes of action against all Defendants in the Complaint, including: 1) breach of contract for failure to pay amounts due under the insurance policy; 2) contractual breach of the implied covenant of good faith and fair dealing; 3) tortious breach of the implied covenant of good faith and fair dealing; 4) negligent misrepresentation; 5) negligence; and 6) violation of the Consumer Protection Act. EASCO filed its Motion to Dismiss on December 16, 2024, arguing that EASCO was merely an insurance adjuster and did not issue insurance policies and therefore cannot be liable to Plaintiffs. Plaintiff Surgicenter filed is Opposition to the Motion to Dismiss on January 28, 2025, and EASCO filed its Reply on February 11, 2025.

## DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-

moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

A. **Did Plaintiffs fail to state a claim upon which relief can be granted against EASCO under Contract Law?**

Plaintiffs alleged two claims under Contract Law against EASCO: breach of contract due to failure to pay amounts due under the insurance policy, and contractual breach of the implied covenant of good faith and fair dealing. In its Motion to Dismiss, EASCO asserts that Plaintiffs have not alleged any contractual relationship with EASCO, and therefore cannot establish a contractual claim against EASCO. EASCO's Motion to Dismiss Plaintiffs' Complaint Pursuant to GRCP 12(b)(6) (December 16, 2024). The Court agrees.

In their Complaint, Plaintiffs alleged that "under the terms of the insurance contract...Defendants were obligated to pay in the event of Guam Surgicenter sustaining damage due to typhoon and typhoon-related weather events." Complaint at ¶¶ 45-46.

The first step in establishing whether there was a breach of contract or a breach of any contractual duty is to determine if a contract between those parties existed to begin with. Under 18 GCA § 85102, the elements essential to the existence of a contract are: 1) parties capable of contracting; 2) their consent; 3) a lawful object; and 4) a sufficient cause or consideration. Furthermore, for a contract to be valid, the parties must both exist and it must be possible to identify them from the contract. 18 GCA § 85203.

Plaintiffs have failed to produce any evidence or allege any fact that would point to EASCO having a direct contractual relationship with Plaintiffs. Guam Surgicenter's contract was

made through Moylan's, with DB as the insurer. At this stage, it would have been impossible to identify EASCO as a party to the contract. EASCO did not consent to participate in such a contract, and did not receive consideration from Plaintiffs at the creation of the contract. Because there was no contract between EASCO and any of the Plaintiffs, there is no claim for a breach of contract or contractual duties against EASCO either. EASCO could not have breached a contract or the implied covenant of good faith and fair dealing by failing to pay out Surgicenter's insurance claim because EASCO was never financially obligated on Surgicenter's insurance policy to begin with. Law surrounding the existence of contracts is clear and straightforward, and no interpretation of the facts alleged by Plaintiffs could result in EASCO having a contractual obligation to any of the Plaintiffs. Because Plaintiffs failed to allege a set of facts which would entitle them to relief, EASCO's Motion to Dismiss these claims is **<u>GRANTED</u>** and the contract claims in the Complaint are dismissed with respect to Defendant EASCO.

B. **Did Plaintiffs fail to state a claim upon which relief can be granted against EASCO under Tort Law?**

Plaintiffs alleged three claims under Tort Law against EASCO: tortious breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, and negligence.

In its Motion, Defendant EASCO makes a detailed argument that EASCO, as an insurance adjuster, cannot be liable in tort for DB's denial of Surgicenter's claim. EASCO's Motion to Dismiss Plaintiffs' Complaint Pursuant to GRCP 12(b)(6) (December 16, 2024). As pointed out by Plaintiff Surgicenter in its Opposition, EASCO relies heavily in this assertion on 2022 Superior Court of Guam decision, *De Vera v. Payless Supermarkets & Clifford J. Ruder*, 2022 Guam Trial Order LEXIS 103. However, there are important alleged facts which differentiate this case and the others mentioned by EASCO from the case at hand. According to Plaintiff's Complaint, "EASCO

is, and was at all times mentioned herein, a member of Moylan's Insurance Companies" and "Defendants acted in bad faith and disregarded evidence provided in Support of Guam Surgicenter's claim." Complaint at ¶¶ 7, 68. Under these alleged facts found in Plaintiffs' complaint, EASCO could have acted in bad faith and in a manner that was not independent or unbiased in evaluating Plaintiffs' claim. There are currently no proven facts showing what relationship EASCO had with Moylan's and DB, but it would be important for a factfinder to determine whether EASCO had a conflict of interest and intentionally denied the claim because of its relationship with Moylan's, as is briefly alleged in the Complaint.

i. Tortious breach of the implied covenant of good faith and fair dealing

In their Complaint, Plaintiffs alleged that Defendants (including EASCO) 1) "breached their duties of care, good faith, and fair dealing," including duties to "fairly investigate, process, and evaluate" Guam Surgicenter's claim, 2) "unreasonably and in bad faith denied payment of benefits rightfully due Guam Surgicenter based on a sham investigation," and 3) "failed to fairly and fully investigate Guam Surgicenter's claim, disregarding evidence... that was contrary to their interpretation." Complaint at ¶¶ 71-73 (page 10). Plaintiffs specifically allege that EASCO based its evaluation on a brief visit to Surgicenter's premises and "conducted no more than a visual inspection of Guam Surgicenter's damaged premises and property." *Id.* at ¶ 74 (page 10).

Here, Plaintiffs have alleged specific facts that could show a tortious breach on the part of EASCO. Given the details provided in the Complaint, it is possible that EASCO, through its alleged relationship with Moylan's and alleged bad faith, may have had an obligation to behave differently during the claim evaluation than it did. Because the Complaint does allege a set of facts in support of Plaintiffs' claim which would entitle them to relief, this claim is not dismissed and EASCO's Motion to Dismiss this claim is **DENIED**.

### ii. Negligent misrepresentation

The elements of negligent misrepresentation include "(1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Hemlani v. Flaherty, Anao Point Estates*, 2003 Guam 17. With respect to this claim, Plaintiffs have not specifically alleged any misrepresentation on the part of EASCO. EASCO never had a contractual relationship with Plaintiffs and Plaintiffs have not alleged that EASCO made any representations to Plaintiffs with intent to induce reliance. EASCO was not involved in selling the policy to Plaintiffs, and Plaintiffs' allegations on the negligent misrepresentation claim include only misrepresentations from before EASCO was involved. According to the Complaint, "Moylan's misrepresented to Guam Surgicenter that the Policy would appropriately address their needs in order to induce Guam Surgicenter to purchase the Policy." Complaint at ¶ 74 (page 11). EASCO was not involved in the process of Moylan's selling the policy to Surgicenter, and as such cannot be liable for negligent misrepresentation at that stage. Therefore, the Complaint does not allege a set of facts in support of Plaintiffs' claim against EASCO which would entitle them to relief, so EASCO's Motion to Dismiss this claim is **GRANTED** and the negligent misrepresentation claim is dismissed with respect to Defendant EASCO.

### iii. Negligence

At this stage in the proceedings, the evaluation for whether the negligence claim should be dismissed is similar to the analysis for the tortious breach of the implied covenant of good faith and fair dealing claim. A valid negligence claim must contain a duty, breach, causation, and damages. The alleged facts provided in Plaintiffs' complaint that EASCO denied Surgicenter's

claim in bad faith after a "sham investigation" and while maintaining financial advantage in denying the claim could constitute negligence if proven at trial. Because the Complaint does allege a set of facts in support of Plaintiffs' claim which would entitle them to relief, this claim is not dismissed and EASCO's Motion to Dismiss this claim is **DENIED**.

C. **Did Plaintiffs fail to state a claim upon which relief can be granted against EASCO under the Provisions of the Guam Consumer Protection Act?**

The Guam Consumer Protection Act ("Act") contains a lengthy list of items that constitute false, misleading, and deceptive acts by person or merchants that are prohibited in 5 GCA § 32201. The Act lists specific types of prohibited acts and a catchall provision of the end, namely, "[d]oing any other act which is prohibited by the laws of Guam to mislead a consumer to his detriment or to induce another person to buy or sell goods or services to such person's detriment." 5 GCA § 32201. In their Complaint, Plaintiffs allege that "Defendants engaged in false, misleading and deceptive acts and practices, including: representing that goods or services have...characteristics...which they do not have,...knowingly representing that an agreement confers or involves rights, remedies or obligations which it does not have...and knowingly representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or mode, if they are of another." Com. ¶ 86. In short, Plaintiffs allege that Defendants made misleading and deceptive representations regarding the insurance policy which caused Plaintiffs to accept the policy when they otherwise would not have. Com. at ¶ 86. However, nothing in the Complaint alleges that EASCO made any representations or attempted to induce any person to buy or sell goods or services, much less in a misleading fashion or to the other party's detriment. EASCO was not involved in Plaintiffs' purchase of an insurance policy, and only became involved when the claim was being evaluated. Therefore, EASCO could not have been

involved in any misleading activity that led Plaintiffs to buy the insurance policy to their detriment. As such, because the Complaint does not allege a specific set of facts in support of Plaintiffs' claim against EASCO which would entitle them to relief, EASCO's Motion to Dismiss this claim is **GRANTED** and the Guam Consumer Protection Act claim is dismissed with respect to Defendant EASCO.

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court makes the following findings:

The Court agrees that Plaintiffs failed to allege a set of facts which would entitle them to relief for both claims under contract law: breach of contract due to failure to pay amounts due under the insurance policy and breach of the implied covenant of good faith and fair dealing. Therefore, the Court hereby **GRANTS** EASCO's Motion to Dismiss with respect to these claims, and the contract claims are dismissed with respect to Defendant EASCO.

The Court finds that it is possible for the Plaintiffs to prove a set of facts in support of their claim which would entitle them to relief under tort law for 1) the tortious breach of the implied covenant of good faith and fair dealing claim and 2) the negligence claim. Accordingly, the Court hereby **DENIES** Defendant EASCO's Motion to Dismiss with respect to these two claims. However, the Court agrees that Plaintiffs failed to allege a set of facts which would entitle them to relief for the negligent misrepresentation under tort law. Therefore, the Court hereby **GRANTS** EASCO's Motion to Dismiss with respect to this claim, and the negligent misrepresentation claim is dismissed with respect to Defendant EASCO.

Finally, the Court agrees that Plaintiffs failed to allege a set of facts which would entitle them to relief for the violation of the Guam Consumer Protection Act claim. Therefore, the Court

hereby **GRANTS** EASCO's Motion to Dismiss with respect to this claim, and the Guam Consumer

Protection Act claim is dismissed with respect to Defendant EASCO.

**SO ORDERED**, this ___3|17|25___ .

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**